UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>PAMELA MILLER, in her individual capacity; YOLO COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES,<br><br>        Defendants. | No. 2:11-cv-01844-GEB-DAD<br><br>**ORDER** |

On May 16, 2013, Plaintiff filed objections to Defendants' Bill of Costs, which totals $16,488.03. Defendants submitted the Bill of Costs, (ECF No. 31), following the April 23, 2013 order that granted Defendant Pamela Miller's motion for summary judgment on the one federal claim upon which subject matter jurisdiction was premised, declined to continue exercising supplemental jurisdiction over the remaining state claims, and dismissed those claims under 28 U.S.C. § 1367(c). (See Order, ECF No. 29.) Subsequently, judgment was entered in favor of Defendant Pamela Miller on the federal claim. (ECF No. 30.)

Plaintiff argues, *inter alia*, that "[b]ecause neither Defendant was wholly successful in the dispositive motion, neither is a true prevailing party and, therefore, neither Defendant is entitled to costs." (Pl.'s Objections to Defs.' Bill

1

of Costs 1:20-23, ECF No. 34.) Plaintiff contends:

> [she] has three extant [state law] causes of action she intends to pursue in state court . . . .
>
> . . . .
>
> The cause of action she will allege for violation of California's Labor Code section 1102.5 bears much resemblance to her Section 1983 federal cause of action which has now been dismissed. Because the causes of action are so similar, should she obtain a favorable verdict at the state court level, Plaintiff will be the prevailing party and thus entitled to costs. On the other hand, should Defendants prevail at that level, they will obtain the same result they would get from this Court, an appropriate award of costs. Therefore, it makes sense to deny the costs at this stage and allow the matter to proceed in state court.

(Id. at 1:20-2:25.)

Defendants did not respond to Plaintiff's objections, therefore, Plaintiff's referenced statements are uncontroverted.

Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292 govern the taxation of costs on the losing party, subject to the requirements of 28 U.S.C. § 1920 (defining taxable costs). Rule 54(d)(1) prescribes: "[U]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms the rule creates a presumption in favor of awarding costs to a prevailing party, but vest in the District Court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000). "[T]he [objecting] party must show why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). "Proper grounds for denying costs include . . . whether

'the prevailing party's recovery was nominal or partial' . . . ." Quan v. Computer Scis. Corp. 623 F.3d 870, 888-89 (9th Cir. 2010) (quoting Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir 2003)).

"In this case, [Defendants] w[ere] only partially successful. The Court granted partial summary judgment on [the federal claim in favor of Defendant Williams], but did not exercise supplemental jurisdiction to decide [P]laintiff['s] state law claims, which were dismissed without prejudice to refile in state court." Phalp v. City of Overland Park, No. 00-2354-JAR, 2002 WL 31778781, at *2 (D. Kan. Nov. 21, 2002). Therefore, Plaintiff's objection to Defendants' Bill of Costs is sustained, and Defendants' request to recover costs is denied. See Phalp, 2002 WL 31778781, at *2; accord Carter v. Village of Ocean Beach, No. 07 CV 1215(SJF)(ETB), 2013 WL 816257, at *2 (E.D.N.Y. Mar. 4, 2013) (declining to award costs to a defendant when the court declined to exercise supplemental jurisdiction over the plaintiff's state claims against that defendant).

Dated: October 16, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge